UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYNA AMANDA MEPPELINK,<br><br>                      Plaintiff,<br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, d/b/a CHRISTIANA TRUST, a trustee for PRETIUM MORTGAGE CREDIT MANAGEMENT; SELENE FINANCE LP; and<br><br>                      Defendants. | CASE NO. C19-5655RJB<br><br>ORDER RENOTING MOTION TO REMAND AND ORDER TO SHOW CAUSE |

THIS MATTER comes before the Court on the Plaintiff's Motion for Remand opposing Defendants' Notice of Removal. Dkt. 12. The Court has considered the pleadings filed regarding the motion and the remaining file.

Originally filed in Kitsap County, Washington Superior Court, this case arises from a mortgage and deed of trust on property commonly known as 11700 Carriage Place SE, Olalla, Washington. Dkt. 1-3. Defendants Wilmington Savings Fund Society, FSB, d/b/a Christiana

ORDER RENOTING MOTION TO REMAND AND ORDER TO SHOW CAUSE - 1

Trust, a trustee for Pretium Mortgage Acquisition Trust ("Wilmington") and Selene Finance LP ("Selene) removed the case to this Court based on the federal question asserted in the Amended Complaint, pursuant to 28 U.S.C. § 1331. Dkt. 1. Defendant Quality Loan Service Corp. of Washington ("Quality Loan") was not a removing defendant according to the Notice of Removal. *Id.* The Plaintiff now moves to remand the case, asserting that removal was improper. Dkt. 12.

I. **FACTS**

This case was originally filed in state court on May 15, 2017 and asserted only state law claims for quiet title and for violations of Washington's Consumer Protection Act. RCW 19.86, *et. seq*. *Meppelink v. Wilmington Savings Fund Society, SSB, et. al.,* Kitsap County, Washington Superior Court case number 17-2-00839-9; filed in this case at Dkt. 13-1, at 1 and 6-17.

In a May 17, 2019 Order granting the Plaintiff's Motion for Leave to Amend the Complaint, the Plaintiff was ordered to "file the amended complaint with the court by June 15, 2019." Dkt. 14, at 24. She was further ordered to "serve the Defendants with the amended complaint, pursuant to the rules of the court for service of process by June 30, 2019." *Id.*

On June 11, 2019, the Plaintiff filed an "Amended Complaint Re: Claims for Wrongful Foreclosure Violation of Regulation X of [the Real Estate Settlement Procedures Act ("RESPA")] (12 U.S.C. § 2601, *et. seq*.) Declaratory Relief and Damages" in the Kitsap County, Washington Superior Court. Dkt. 13-3, at 91-204. The Plaintiff's "Declaration of Mailing" states that she sent the Defendants a copy of an Amended Summons and the Amended Complaint to the Defendants on June 24, 2019. Dkt. 13-3, at 207-208.

Defendants Wilmington and Selene's counsel acknowledges that they received the Amended Complaint on June 26, 2019. Dkt. 1, at 2.

On July 17, 2019, Defendants Wilmington and Selene removed the case to this Court based on federal question jurisdiction. Dkt. 1. It does not appear that Defendant Quality Loan joined in, or consented to, the removal. It is represented by counsel and has filed a Corporate Disclosure Statement on July 23, 2019. Dkt. 4.

The Plaintiff moves to remand the case. Dkt. 12. Defendants Wilmington and Selene oppose the motion. Dkt. 14. Defendant Quality Loan did not respond to the motion to remand.

## II.  DISCUSSION

Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446. Section 1441 provides, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

28 U.S.C. § 1441(a). "[R]emoval statutes are construed narrowly in favor of remand to protect the jurisdiction of the state courts." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "The party seeking removal bears the burden of establishing federal jurisdiction." *Etheridge v. Harbor House Rest.*, 861 F2d 1389, 1393 (9th Cir. 1988).

Under 28 U.S.C. § 1446 (b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." It is not clear from the record that Defendant Quality Loan "join[ed] in or consent[ed] to the removal of the action" here. Accordingly, on or before September 19, 2019, the parties should be ordered to show cause, in writing, if any they have, why this Court should not grant the Plaintiff's motion to remand based on Defendants' failure to comply with 28 U.S.C. § 1446 (b)(2)(A). The Plaintiff's motion to remand should be renoted to September 20, 2019.

### III. ORDER

It is **ORDERED** that:

- By **September 19, 2019**, the parties are **ORDERED TO SHOW CAUSE**, in writing, if any they have, why this Court should not grant the Plaintiff's motion to remand based on Defendants' failure to comply with 28 U.S.C. § 1446 (b)(2)(A); and

- The Plaintiff's Motion for Remand to Opposing Defendants' Notice of Removal (Dkt. 12) **IS RENOTED** to **September 20, 2019**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of September, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge