1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AYNA AMANDA MEPPELINK,

                Plaintiff,

    v.

WILMINGTON SAVINGS FUND
SOCIETY FSB, d/b/a CHRISTIANA
TRUST, a trustee for PRETIUM
MORTGAGE CREDIT MANAGEMENT;
SELENE FINANCE LP; and

                Defendants.

CASE NO. C19-5655RJB

ORDER ON MOTION TO
REMAND AND ON MOTION TO
CEASE SERVICE

THIS MATTER comes before the Court on the September 10, 2019 order for the parties

to show cause, if any they have, why the Plaintiff's Motion for Remand Opposing Defendants'

Notice of Removal (Dkt. 12) should not be granted for failure to comply with 28 U.S.C. § 1446

(b)(2)(A) (Dkt. 18) and the Plaintiff's Motion to Cease Service upon Defunct Homeowners'

Association and Non-Existing Occupants of the Premises (Dkt. 19). The Court has considered

the pleadings filed responding to the September 10, 2019 Order, those filed regarding the motions, and the remaining file.

Originally filed in Kitsap County, Washington Superior Court, this case arises from a mortgage and deed of trust on property commonly known as 11700 Carriage Place SE, Olalla, Washington.  Dkt. 1-3.  Defendants Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, a trustee for Pretium Mortgage Acquisition Trust ("Wilmington") and Selene Finance LP ("Selene) removed the case to this Court based on the federal question asserted in the Amended Complaint, pursuant to 28 U.S.C. § 1331.  Dkt. 1.  Defendant Quality Loan Service Corp. of Washington ("Quality Loan") was not a removing defendant according to the Notice of Removal.  *Id.*  The Plaintiff moved to remand the case, asserting that removal was improper. Dkt. 12.  On September 10, 2019, the parties were ordered to show cause why this Court should not grant the Plaintiff's motion to remand based on Defendants' failure to comply with 28 U.S.C. § 1446 (b)(2)(A), which requires that all defendants join in, or consent to, removal.  Dkt. 18. The Plaintiff also filed her motion to cease service regarding the Defendants' service of process on "defunct" parties.  Dkt. 19.  For the reasons provided below, the Plaintiff's motion to remand (Dkt. 12) should be denied and the Plaintiff's motion to cease service (Dkt. 19) should be renoted.

## I.     FACTS

The following facts are in the September 10, 2019 Order and are repeated here:

> This case was originally filed in state court on May 15, 2017 and asserted only state law claims for quiet title and for violations of Washington's Consumer Protection Act. RCW 19.86, *et. seq. Meppelink v. Wilmington Savings Fund Society, SSB, et. al.,* Kitsap County, Washington Superior Court case number 17-2-00839-9; filed in this case at Dkt. 13-1, at 1 and 6-17.
> In a May 17, 2019 Order granting the Plaintiff's Motion for Leave to Amend the Complaint, the Plaintiff was ordered to "file the amended complaint with the court by June 15, 2019."  Dkt. 14, at 24. She was further ordered to "serve the

1

Defendants with the amended complaint, pursuant to the rules of the court for
service of process by June 30, 2019." *Id.*

2

On June 11, 2019, the Plaintiff filed an "Amended Complaint Re: Claims for
Wrongful Foreclosure Violation of Regulation X of [the Real Estate Settlement

3

Procedures Act ("RESPA")] (12 U.S.C. § 2601, *et. seq*.) Declaratory Relief and
Damages" in the Kitsap County, Washington Superior Court.  Dkt. 13-3, at 91-

4

204.  The Plaintiff's "Declaration of Mailing" states that she sent the Defendants a
copy of an Amended Summons and the Amended Complaint to the Defendants on

5

June 24, 2019.  Dkt. 13-3, at 207-208.

6

Defendants Wilmington and Selene's counsel acknowledge that they received
the Amended Complaint on June 26, 2019.  Dkt. 1, at 2.

7

On July 17, 2019, Defendants Wilmington and Selene removed the case to
this Court based on federal question jurisdiction.  Dkt. 1.

8

Dkt. 18, at 2-3.

9

Under 28 U.S.C. § 1446 (b)(2)(A), "all defendants who have been properly joined and

10

served must join in or consent to the removal of the action."  Dkt. 18, at 3.  In the September 10,

11

2019 Order, the undersigned noted that "it is not clear from the record that Defendant Quality

12

Loan 'join[ed] in or consent[ed] to the removal of the action' here."  Accordingly, on or before

13

September 19, 2019, the parties were ordered to show cause, in writing, if any they had, why this

14

Court should not grant the Plaintiff's motion to remand based on Defendants' failure to comply

15

with 28 U.S.C. § 1446 (b)(2)(A).

16

On September 16, 2019, Quality Loan filed a response to the order to show cause, stating

17

that it consented to removal on July 9, 2019.  Dkt. 20.  Wilmington and Selene filed a response

18

to the order to show cause, and state that they "erroneously removed the section of the notice of

19

removal noting Quality [Loan]'s consent."  Dkt. 23.  The Plaintiff also filed responses and

20

maintains that the case should be remanded.  Dkts. 22 and 24.

21

On September 13, 2019, the Plaintiff filed the "Motion to Cease Service Upon Defunct

22

Homeowners' Association and Non-Existing Occupants of the Premises."  Dkt. 19.  In this

23

motion, she asserts that there is no homeowner's association anymore and that there are no other

24

occupants of the property, except herself.  Dkt. 19.  She moves for an order that "the Defendants be ordered to cease notice and/or service upon the Hidden Acres Homeowner's Association and Occupants of the Premises."  *Id.*  (As may be relevant to this motion, Summons were issued on August 13, 2019, for "Hidden Acres Homeowner's Association" and "Occupants of the Premises" for Wilmington and Selene (Dkt. 11), related to counter-claims asserted in their Answer (Dkt. 9)).

## II.   **DISCUSSION**

### A.  REMOVAL AND MOTION FOR REMAND

Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446.  Section 1441 provides, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

28 U.S.C. § 1441(a).  "[R]emoval statutes are construed narrowly in favor of remand to protect the jurisdiction of the state courts."  *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005).  "The party seeking removal bears the burden of establishing federal jurisdiction." *Etheridge v. Harbor House Rest.*, 861 F2d 1389, 1393 (9th Cir. 1988).

The Plaintiff's motion to remand (Dkt. 12) should be denied.  Under 28 U.S.C. § 1446 (b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  The record is now clear that Defendant Quality Loan did "consent to the removal of the action" here.

1

2

3

The Plaintiff asserts that the case should be remanded because the notice of removal was untimely, based on the 2017 filing date of the original complaint.  Under 28 U.S.C. § 1446 (b)(3),

4

5

6

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt of by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which . . . has become removable.

7

8

The Defendants received the Amended Complaint on June 26, 2019 and removed the case on July 17, 2019, within 30 days after first receiving an amended pleading which includes grounds for removal – Plaintiff's newly added federal claim.  The removal was timely.

9

10

11

12

The Plaintiff argues that the Defendants' removal was defective because it failed to timely include a complete record – including the omission of certain exhibits (or pages of exhibits).  The Defendants have now verified and filed the state court record.  Any early failure to do so is harmless and not grounds to remand the case.

13

14

15

16

17

18

The Plaintiff maintains that removal is improper because the Defendants failed to establish that this Court has original jurisdiction over the case – that there is no federal question. Under 28 U.S.C. 1331, district courts "have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the United States."  The Plaintiff's Amended Complaint makes a claim under Regulation X of RESPA, which is a "law" of the United States.  This Court has federal question jurisdiction.

19

20

21

22

The Plaintiff's last contention, that the Defendants removed the case because they did not like an earlier ruling by the state court, has no merit and is not grounds to remand this case.  The Court should deny the Plaintiff's motion to remand.

23

24

1

## B.  CONSIDERATION OF PLAINTIFF'S MOTION TO CEASE SERVICE

2

Local Rule W.D. Wash. 7(d) provides:

3

**(d) Noting Dates for Motions and Briefing Schedules**

4

Unless otherwise provided by rule or court order, motions shall be noted for
consideration as follows:

5

(1) *Same Day Motions.* Stipulated motions (see LCR 10(g)), motions to file over-
length motions or briefs (see LCR 7(f)), motions for reconsideration (see LCR 7(h)),
joint submissions pursuant to the optional procedure established in LCR 37(a)(2),

6

motions to appoint a mediator (LCR 39.1(c)(3)), motions for default (see LCR 55(a)),
requests for the clerk to enter default judgment (see LCR 55(b)(1)), ex parte motions,

7

motions for the court to enter default judgment where the opposing party has not
appeared (see LCR 55(b)(2)), motions to recuse (see LCR3(f)), and motions for a

8

temporary restraining order ("TRO") (see LCR 65) shall be noted for consideration
for the day they are filed.

9

(2) *Second Friday Motions.* Except for same day motions, all other motions shall be
noted for consideration on a Friday. Pursuant to a General Order of this court, the

10

following motions may be noted for consideration no earlier than the second Friday
after filing and service of the motion:

11

(A) motions for relief from a deadline; and
(B) motions for protective orders;

12

For any motion brought pursuant to this subsection, the moving party shall ensure
that the motion papers are received by the opposing party on or before the filing date.

13

Unless otherwise provided by court rule, any papers opposing motions of the type
described in this subsection shall be filed and received by the moving party no later

14

than the Wednesday before the noting date. Any reply papers shall be filed, and shall
be received by the opposing party, no later than the noting date.

15

(3) *Third and Fourth Friday Motions.* Motions to dismiss, motions for summary
judgment, motions seeking a preliminary injunction, motions for class certification,

16

and motions directed toward changing the forum (through remand, transfer, or to
compel arbitration) shall be noted for consideration on a date no earlier than the

17

fourth Friday after filing and service of the motion. With the exception of the motions
specifically listed in LCR 7(d)(1), 7(d)(2), and 7(d)(3), all other motions shall be

18

noted for consideration on a date no earlier than the third Friday after filing and
service of the motion.

19

Any opposition papers shall be filed and served not later than the Monday before the
noting date. If service is by mail, the opposition papers shall be mailed not later than

20

the Friday preceding the noting date. Any reply papers shall be filed and served no
later than the noting date.

21

Further, under Fed. R. Civ. P. 6 (a)(1)(A), when a period of time is stated in days, "exclude the

22

day of the event that triggers the period."

23

The Plaintiff's Motion to Cease Service Upon Defunct Homeowners' Association and

24

Non-Existing Occupants of the Premises (Dkt. 19) was filed on Friday, September 13, 2019 and

1    noted for consideration for September 20, 2019.  As the filing day, Friday, September 13, 2019,

2    is excluded from the time period.  Under Local Rule W.D. Wash. 7 (d)(3), as a motion not

3    specifically listed in the rule, Plaintiff's motion (Dkt. 19) should be renoted for consideration on

4    October 4, 2019.

5    **C.  NOTICE TO PRO SE LITIGANT**

6         Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that

7    govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997),

8    including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District

9    of Washington.  Plaintiff is further reminded that although pro se pleadings are held to a "less

10    stringent standard that formal pleadings drafted by lawyers," they still must meet the

11    requirements of the rules.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

12                  **III.    <u>ORDER</u>**

13        It is **ORDERED** that:

14    • The Plaintiff's Motion for Remand to Opposing Defendants' Notice of Removal (Dkt.

15       12) **IS DENIED;** and

16    • The Plaintiff's Motion to Cease Service Upon Defunct Homeowners' Association and

17       Non-Existing Occupants of the Premises (Dkt. 19) **IS RENOTED** to **OCTOBER 4,**

18       **2019.**

19        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

20    to any party appearing *pro se* at said party's last known address.

21        Dated this 23rd day of September, 2019.

22

23

24                  ROBERT J. BRYAN
                     United States District Judge