UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYNA AMANDA MEPPELINK,<br><br>                    Plaintiff,<br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, d/b/a CHRISTIANA TRUST, a trustee for PRETIUM MORTGAGE CREDIT MANAGEMENT; SELENE FINANCE LP; and<br><br>                    Defendants. | CASE NO. C19-5655RJB<br><br>ORDER REGARDING MOTION TO DISMISS |

THIS MATTER comes before the Court on Defendant Quality Loan Service Corporation of Washington's ("Quality Loan") Request for Judicial Notice and Motion to Dismiss. Dkt. 39. The Court has considered the motion and the remainder of the record herein.

Originally filed in Kitsap County, Washington Superior Court, this case arises from a mortgage and deed of trust on property commonly known as 11700 Carriage Place SE, Olalla, Washington. Dkt. 1-3. Plaintiff is proceeding *pro se*. On December 11, 2019, Defendant

ORDER REGARDING MOTION TO DISMISS - 1

Quality Loan filed the instant motion to dismiss; it is noted for 3 January 2020. Dkt. 39. In accord with Local Rule W.D. Wash 7(d)(3), the Plaintiff's response, if any, is due by Monday 29 December 2019.

On 27 December 2019, the Plaintiff contacted the Clerk of the Court's office, *ex parte*. She indicated that she has been in the hospital with "mini-strokes" and is unable to meet the 29 December 2019 deadline. She asserted that it was impossible for her to file anything. The Plaintiff asked for an extension of time to file her response. The Clerk of the Court informed the Plaintiff that she could not make motions over the telephone and that if she wished to move for an extension, she could file a motion on the record.

The Plaintiff should not attempt to move for extensions of time over the phone. Further, as a *pro se* Plaintiff, the Plaintiff should be issued a warning regarding the motion to dismiss.

**Warning to Pro Se Plaintiff Regarding Motion to Dismiss.** Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington ("Local Rules"). Plaintiff is further reminded that although pro se pleadings are held to a "less stringent standard that formal pleadings drafted by lawyers," they still must meet the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Pursuant to Fed. R. Civ. P. 12(b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Plaintiff is notified that Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Plaintiff is notified that if the motion to dismiss is granted, her claims may be dismissed. Plaintiff's response, if any, is due on **6 January 2020** in accord with Local Rule W.D. Wash. 7(d)(3). The motion (Dkt. 39) should be renoted to **10 January 2020**.

**IT IS SO ORDERED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of December, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER REGARDING MOTION TO DISMISS - 3