UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYNA AMANDA MEPPELINK,<br><br>                      Plaintiff,<br>     v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, d/b/a CHRISTIANA TRUST, a trustee for PRETIUM MORTGAGE CREDIT MANAGEMENT; SELENE FINANCE LP; and QUALITY LOAN SERVICE CORP OF WASHINGTON,<br><br>                      Defendants. | CASE NO. C19-5655RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, FOR FREE ACCESS TO PACER, FOR APPOINTMENT OF COUNSEL AND FOR JURY DEMAND |

THIS MATTER comes before the Court on the Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), for Free Access to PACER [Public Access to Court Electronic Records], for Appointment of Counsel, and for Jury Demand. Dkt. 38. The Court has considered the pleadings filed regarding the motion and the remaining file.

Originally filed in Kitsap County, Washington, Superior Court, this case arises from a dispute over a mortgage and deed of trust on property commonly known as 11700 Carriage Place

1 SE, Olalla, Washington. Dkt. 1-3. For the reasons provided, the Plaintiff's various motions should be denied.

## I.     FACTS

This case was filed on May 15, 2017 and asserted only state law claims for quiet title and for violations of Washington's Consumer Protection Act. RCW 19.86, *et. seq*. *Meppelink v. Wilmington Savings Fund Society, SSB, et. al.,* Kitsap County, Washington Superior Court case number 17-2-00839-9; filed in this case at Dkt. 13-1, at 1 and 6-17. No mention of a trial by jury is made in the original complaint. *Id.*

In a May 17, 2019 Order granting the Plaintiff's Motion for Leave to Amend the Complaint, the Plaintiff was ordered to "file the amended complaint with the court by June 15, 2019." Dkt. 14, at 24. On June 11, 2019, the Plaintiff filed an "Amended Complaint Re: Claims for Wrongful Foreclosure Violation of Regulation X of [the Real Estate Settlement Procedures Act ("RESPA")] (12 U.S.C. § 2601, *et. seq*.) Declaratory Relief and Damages" in the Kitsap County, Washington Superior Court. Dkt. 13-3, at 91-204. The Plaintiff did not make a jury demand in the Amended Complaint. *Id.*

The case was removed to this Court on July 17, 2019. Dkt. 1.

On August 8, 2019, Wilmington Saving Fund Society, FSB, d/b/a Christiana Trust, trustee for Pretium Mortgage Acquisition Trust ("Wilmington") and Selene Finance LP ("Selene") filed an answer and asserted counterclaims against the Plaintiff. Dkts. 8 and 9. On September 2, 2019, the Plaintiff filed an answer to Wilmington and Selene's counterclaim. Dkt. 16.

On October 31, 2019, the Joint Status Report was filed. Dkt. 36. In this pleading, the Plaintiff "requests a jury trial, because she believes that the issues are based on matters of fact and law." Dkt. 36, at 5. This is the first time the Plaintiff mentions a jury trial.

The Plaintiff now moves (1) to proceed IFP in order to gain free access to PACER and to receive a waiver of jury fees, (2) for appointment of counsel, and (3) for a trial by jury. Dkt. 38. Wilmington and Selene oppose the motion. Dkt. 40. The Plaintiff filed a reply (Dkt. 41) and the motion is ripe for decision.

## II. DISCUSSION

### A. MOTION TO PROCEED IFP TO GAIN FREE ACCESS TO PACER

Section 1915(a) provides that: "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets" showing that "the person is unable to pay such fees or give security therefor." The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915 (a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

On September 30, 2019, the Plaintiff filed a Declaration and Application to Proceed IFP and Written Consent for Payment of Costs. Dkt. 31. This case was removed and the filing fee was paid by the removing Defendants. Dkt. 1. The Plaintiff's application was denied as moot because the Plaintiff did not need to pay a filing fee. Dkt. 33.

The Plaintiff now moves for IFP status to gain free access to PACER, the Public Access to Court Electronic Records system, and for a waiver of jury fees. Dkt. 38. (The IFP application as it relates to the waiver of jury fees will be discussed below in section C.) The Plaintiff states that, based on notices sent by the Court relating to the Court's upgrade to its electronic filing system, CM/ECF, she believes that after January 2020, she will no longer be given initial free

copies of the documents filed in her case. *Id.* The Plaintiff discusses other changes to PACER. *Id.* The Plaintiff also states that:

> In order to do effective research – find rules and supporting case law that apply to her case the lack of which the Court has remarked upon – the Plaintiff needs access to PACER. The regular search engines, such as Google, often render irrelevant responses, including articles containing inaccurate advice, no matter how specific the search terms are worded.

*Id.*

The Plaintiff's motion to proceed IFP in order to gain free access to PACER (Dkt. 38) should be denied. Free access to the PACER system is not a listed item under §1915. The Plaintiff will continue to receive initial free copies of all pleadings filed in the case after the new system is in place. If she has question about the new system, the Plaintiff may wish to consult the Court's website or the CM/ECF help desk at 206-370-8440. Further, the Court's website also contains the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, and several other helpful links. The Plaintiff made the decision to file the lawsuit, her lack of knowledge of the law and less than perfect resources notwithstanding.

**B. MOTION FOR APPOINTMENT OF COUNSEL**

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Pursuant to § 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Plaintiff's motion for appointment of counsel (Dkt. 38) should be denied. She has not shown a likelihood of success on the merits. Further, the Plaintiff appears to be able to

articulate her claims adequately in light of the legal issues involved. The circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances. The application for appointment of counsel (Dkt. 38) should be denied.

### C. JURY DEMAND/WAIVER OF JURY FEES

Pursuant to Fed. R. Civ. P. 38(b), "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." "A party waives a jury trial unless its demand is properly served and filed." Rule 38(d).

Here, the "last pleading directed to the issue" was the Plaintiff's September 2, 2019 answer to Wilmington and Selene's counterclaim (Dkt. 16). *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)(noting "last pleading directed to the issue" was the answer); *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins.*, Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001)( noting "last pleading directed to the issue" was the answer). Accordingly, the Plaintiff's jury demand was due 14 days later, on September 16, 2019. Plaintiff first mentioned trial by jury on October 31, 2019 in the Joint Status Report. The Plaintiff's jury demand was untimely. She has waived her right to a jury trial.

In her reply, the Plaintiff urges the Court to exercise discretion under Fed. R. Civ. P. 39 and find that a trial by jury should occur because of the Plaintiff's "need for help and in the interest of justice." Dkt. 41, at 7.

Under Rule 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The court's discretion to order a jury trial on motion by a party who has not timely demanded one is narrow. *Pac. Fisheries*, at 1002 (*citation omitted*). It

"does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Id.*

The Plaintiff's motion for a trial by jury (Dkt. 38) should be denied. The grounds offered by the Plaintiff are insufficient. The ground offered – the Plaintiff's need for help and "the interest of justice" - support nothing more than "oversight or inadvertence." "An untimely request for a jury trial must be denied unless some cause beyond mere [oversight or] inadvertence is shown." *Pac. Fisheries*, at 1002. Further, her *pro se* status is not adequate and only establishes "inadvertence." *Zivkovic,* at 1087 (holding that *pro se* Plaintiff's good faith mistake regarding the deadline to demand a jury was no more than inadvertence and not a sufficient basis to grant relief from an untimely jury demand under Rule 39(b)).

The Plaintiff's motion to proceed IFP for purposes of waiver of the jury fee (Dkt. 38) should be denied as moot. The case will not be tried by a jury.

### III. ORDER

It is **ORDERED** that:

- The Plaintiff's Motion to Proceed *In Forma Pauperis*, for Free Access to PACER, for Appointment of Counsel, and for Jury Demand (Dkt. 38) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of December, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, FOR FREE ACCESS TO PACER, FOR APPOINTMENT OF COUNSEL AND FOR JURY DEMAND - 6