UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYNA AMANDA MEPPELINK,<br><br>                  Plaintiff,<br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, d/b/a CHRISTIANA TRUST, a trustee for PRETIUM MORTGAGE CREDIT MANAGEMENT; SELENE FINANCE LP; and<br><br>                  Defendants. | CASE NO. C19-5655RJB<br><br>ORDER ON PARTIAL MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant and Counterclaimant Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, a trustee for Pretium Mortgage Acquisition Trust's ("Wilmington") Request for Judicial Notice (Dkt. 49-4) and Motion for Summary Judgment as to Judicial Foreclosure Counterclaim Only (Dkt. 49). The Court has considered the pleadings filed regarding the motions and the remainder of the record herein.

ORDER ON PARTIAL MOTION FOR SUMMARY JUDGMENT - 1

Originally filed in Kitsap County, Washington Superior Court, this case arises from a mortgage and deed of trust on property commonly known as 11700 Carriage Place SE, Olalla, Washington. Dkt. 1-3. Plaintiff is proceeding *pro se*. On January 9, 2020, Wilmington filed the instant motions for judicial notice (Dkt. 49-9) and partial summary judgment (Dkt. 49). For the reasons provided, Wilmington's motions should be granted. The Motion for Judicial Notice (Dkt. 49-9) should be addressed first.

**MOTION FOR JUDICIAL NOTICE**

In its Motion for Judicial Notice, Wilmington moves the Court to take judicial notice of a Deed of Trust executed by the Plaintiff and recorded on April 6, 2007 with the Kitsap County Auditor under file no. 200704060026 ("Deed of Trust"); (in the record here at Dkt. 49-4, at 3-18); a Notice of Trustee's Sale regarding the property, recorded on April 10, 2017 with the Kitsap County Auditor under file no. 201704100122 ("April 2017 Notice of Trustee's Sale"); (in the record here at Dkt. 49-4, at 19-21); and the pleadings filed in this case while it was in Kitsap County, Washington Superior Court - *Meppelink v. Wilmington Savings Fund Society, SSB, et. al.,* Kitsap County, Washington Superior Court case number 17-2-00839-9 (filed in this case at Dkt. 13-1 to 13-3). Dkt. 49-4.

Pursuant Fed. R. Evid. 201 (b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The Court should take judicial notice of the Deed of Trust on the subject property (filed in the record at Dkt. 49-4, at 3-18), Notice of Trustee's Sale regarding the subject property (filed in the record at Dkt. 49-4, at 19-21; and the pleadings filed in this case while it was in Kitsap

ORDER ON PARTIAL MOTION FOR SUMMARY JUDGMENT - 2

County Superior Court. Each of these are public records and are "not subject to reasonable dispute." Fed. R. Evid. 201 (b). Plaintiff does not meaningfully dispute their authenticity.

### I.    FACTS AND PROCEDURAL HISTORY

**A. FACTS**

On April 2, 2007, the Plaintiff executed and delivered a note to the "Lender," Kitsap County Federal Credit Union, in the amount of $245,000, with an interest rate of 6.375%, ("Note") for a loan to purchase the subject property. Dkt. 49-1, at 3. The Plaintiff agreed to make monthly payments for 30 years. *Id.* The Note is secured by the Deed of Trust (of which the Court took judicial notice, as above) on the property. Dkt. 49-4, at 3-18.

Wilmington currently possesses the original Note, which is being held at its attorney of record's office for court review, if necessary. Dkt. 49-1.

According to Wilmington's loan servicer, Defendant Selene Finance LLP ("Selene"), the balance of the loan at the end of August 2019, including principle, interest, escrow paid on the Plaintiff's behalf, late charges, and other fees was over $422,300.00. Dkt. 49-2, at 31. Wilmington maintains that the Plaintiff has not paid the December 1, 2009 payment or any other payments since that date. *Id.* The Plaintiff disputes that she owes $422,300.00 and alleges that due to an oral agreement with a prior loan servicer to modify the loan, much less is owed on the loan. Dkt. 52.

In any event, after attempts at a loan modification and several attempts at non-judicial foreclosure proceedings that were not concluded, as is relevant here, the April 2017 Notice of Trustee's Sale (of which the Court took judicial notice) was recorded. Dkt. 49-4, at 19-21.

**B. PROCEDURAL HISTORY**

On May 15, 2017, Plaintiff filed the original complaint in this case in state court and asserted only state law claims for quiet title and for violations of Washington's Consumer Protection Act ("CPA"). RCW 19.86, *et. seq. Meppelink v. Wilmington Savings Fund Society, SSB, et. al.,* Kitsap County, Washington Superior Court case number 17-2-00839-9; record filed in this case at Dkt. 13. In that complaint, she acknowledges that "[s]ince November 2009, Ms. Meppelink has not paid and has not made any attempts to pay any beneficiary or servicer of the [mortgage]." Dkt. 13-1, at 9. She asserted that "enforcement of the Promissory Note and Deed of Trust is time-barred" and sought to quiet title and asserted claims under the CPA on those grounds. *Id.,* at 13.

On September 8, 2017, on the Plaintiff's motion, a trustee's sale of the property, which was scheduled for September 15, 2017, was "restrained until further order of [the Kitsap County Superior] Court" after the Court determined that the Plaintiff "will suffer irreparable harm for which she cannot be compensated if she is not afforded an opportunity for a hearing before the foreclosure sale is contested." Dkt. 13-1, at 127-128.

Defendants Wilmington and Selene filed a motion for summary judgment in April of 2019. *See* Dkt. 13-3, at 87-88. The Plaintiff responded and filed a motion for leave to file an amended complaint. *Id*.

In a two-page order, the Defendants' motion for summary was "partially granted." Dkt. 13-3, at 89-90. A handwritten portion of the order provides, "any claim based upon the statute of limitation as time barred or collection of past due payments cannot be brought. No payments are barred as of May 17, 2019. The loan was not accelerated prior to March of 2011." Dkt. 13-3, at 89-90. The Plaintiff's motion for leave to file an amended complaint was granted, the order

providing, in part, "Plaintiff's amended complaint will be limited to the wrongful foreclosure claims and will not include claims relating to time-barred debt." Dkt. 13-3, at 87-88.

On June 11, 2019, the Plaintiff filed an "Amended Complaint Re: Claims for Wrongful Foreclosure Violation of Regulation X of [the Real Estate Settlement Procedures Act ("RESPA")] (12 U.S.C. § 2601, *et. seq.*) Declaratory Relief and Damages." Dkt. 13-3, at 91-204. Defendants Wilmington and Selene removed the case to this Court based on federal question jurisdiction. Dkt. 1.

The case was removed to this Court on July 17, 2019. Dkt. 1. Defendants Wilmington and Selene answered the Amended Complaint and Defendant Wilmington asserted the counterclaim that is at issue here. Dkt. 9. In its counterclaim, Defendant Wilmington asserts that the Plaintiff is in default. *Id.* at 14. It states that "[b]ecause of the default, Wilmington has exercised and does hereby exercise the option granted in the Note and Deed of Trust to declare the whole balance of both the principle and interest thereon due and payable." Dkt. 9, at 14. Wilmington further asserts that "demand for all sums" has been made, the Plaintiff has not paid, and "[t]he Note and Deed of Trust are in Default, and the obligation has been accelerated, which includes any and all attorneys' fees and costs incurred to foreclose." *Id.* Wilmington seeks a "judgment for Monies Due," and a "Decree of Foreclosure" if the judgement is not immediately paid. *Id.*

On January 2, 2020, Defendant Quality Loan Service Corporation of Washington was dismissed by stipulation of the parties. Dkt. 46. On January 8, 2020, default was entered by the Clerk of the Court against Hidden Acres Homeowners' Association and "occupants of the premises, excluding [Plaintiff] Anya Meppelink." Dkt. 48.

Wilmington now moves for summary judgment on its judicial foreclosure counterclaim only. Dkt. 49. It argues that it possesses the original Note, is the payee, is entitled to enforce the Note

and foreclose on the Deed of Trust. *Id.* Wilmington asserts that the Plaintiff's loan is in default. *Id.* It argues that the Note was accelerated upon the filing of the counterclaim for judicial foreclosure. *Id.* As a *pro se* party, the Plaintiff was issued a warning regarding the motion for summary judgment. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Dkt. 51. The Plaintiff filed a response (Dkt. 52), Wilmington replied (Dkt. 53), and the motion is ripe for review.

## II. DISCUSSION

### A. JUDICIAL FORECLOSURE AND THIS COURT'S JURISDICTION

"Every State provides some form of judicial foreclosure: a legal action initiated by a creditor in which a court supervises sale of the property and distribution of the proceeds." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1034 (2019). In Washington, judicial foreclosure is governed by RCW 61.12. Under RCW 61.12.040, "[w]hen default is made in the performance of any condition contained in a mortgage, the mortgagee or his or her assigns may proceed in the superior court of the county where the land, or some part thereof, lies, to foreclose the equity of redemption contained in the mortgage."

This case was removed based on this Court's original jurisdiction over the federal questions under 28 U.S.C. §1331. Under 28 U.S.C. §1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that the form part of the same case or controversy." The Plaintiff's RESPA claims and Wilmington's counterclaim for judicial foreclosure are sufficiently related to "form part of the same case or controversy." The Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367 and can consider Wilmington's counterclaim for judicial foreclosure. *See Umouyo v. Bank of Am., N.A.*, 2019 WL 291669, at *3 (W.D. Wash. Jan. 23, 2019), *reconsideration denied*, 2019 WL 383958 (W.D.

Wash. Jan. 30, 2019)(holding that the cross-claim for judicial foreclosure should not be dismissed); *Bank of New York Mellon as Tr. for benefit of certificate holders of CWABS, Inc., asset-backed certificates, Series 2007-SD1 v. Smith,* Western District of Washington case number 18-0764-TSZ, Dkt. 16, (holding that claim for judicial foreclosure should be dismissed as barred by the statute of limitations)(*affirmed* 782 F. App'x 638 (9th Cir. 2019).

## B. HOLDER OF THE NOTE AND ENFORCING NOTE AND DEED OF TRUST

The Uniform Commercial Code ("UCC"), which was adopted in Washington and codified at RCW 62A, governs the "enforcement of negotiable instruments like promissory notes," *Terhune v. N. Cascade Tr. Servs.,* 9 Wash.App.2d 708, 723 (2019), and "the transfer of mortgage backed obligations," *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83, 103 (2012).

The UCC provides that:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

RCWA § 62A.3-301. The UCC defines "'[h]older' with respect to a negotiable instrument," in part, to mean "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." RCW 62A.1-201 (21)(A). It further provides that "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." RCW 62A.3-201(b). Under Washington law, "the holder of a promissory note secured by a deed of trust has authority to elect to commence a judicial foreclosure of that deed of trust." *Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wn. App. 166, 178 (2016).

Wilmington is the holder of Plaintiff's promissory note. Wilmington states that it has the original Note. Plaintiff points to no evidence to the contrary. Further, Wilmington obtained actual possession of the Note when it was: (1) indorsed by the original payee, Kitsap Community Federal Credit Union to Countrywide Bank, FSB, then (2) indorsed by Countrywide Bank, FSB to Countywide Home Loans, Inc., then (3) indorsed by Countrywide Home Loans, Inc., to Federal National Mortgage Association, and then (4) indorsed by Federal National Mortgage Association (by its attorney-in-fact, Pretium Mortgage Credit Partners I Loan Acquisition, LP) to Wilmington in an allonge. Dkt. 49-1. (Black's Law Dictionary defines an allonge as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.") Wilmington is the holder of Plaintiff's note and under Washington law and is entitled to enforce the note and seek judicial foreclosure of the deed of trust in the event of default.

The Plaintiff asserts that Wilmington is not the lawful note holder. Dkt. 52. She asserts that at the May 20, 2019 hearing, where the Kitsap County Superior Court was considering the Wilmington and Selene's motion for summary judgment and Plaintiff's motion for leave to amend her complaint, that the court "made at least one discretionary ruling." Dkt. 52, at 6 (*citing* the clerk of the court's minutes Dkt. 52, at 38-40). The Plaintiff quotes portions of the clerk's minutes, purporting to be the statements of the court. *Id.*

Even if the clerk's minutes were a definitive recording of the court's statements, the Plaintiff has not made a showing that the Kitsap County Superior Court found there were issues of fact as to the counterclaim for judicial foreclosure. At that time, the parties were contemplating non-judicial foreclosure, which is governed by RCW 61.24, *et seq.*, and not a claim for judicial foreclosure, governed by RCW 61.12, *et. seq*. According to the clerk's

minutes, the court indicated that it "agrees that if Ms. Meppelink can prove her allegations, that there is case law on her side. She alleges that current trustee may not have authority to bring trustee's sale. Argument may exist as to whether the trustee is independent of beneficiary." Dkt. 52, at 39. Plaintiff fails to show that the court's alleged statements that the "current trustee does not have clean chain of title," that the "statute requires that assignments of deeds of trust be recorded," are findings that there are issues of fact as to whether Wilmington is the holder of the Note. Provisions of the Deed of Trust Act relating to nonjudicial foreclosures of a deed of trust have "no bearing on a judicial foreclosure of a deed of trust because such a foreclosure, as the statutes make clear, is controlled by the law of mortgages." *Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wn. App. 166, 175 (2016). The superior court's comments should be considered in context – as relating to non-judicial foreclosure and not judicial foreclosure.

The Plaintiff points to no authority to support her assertion that "violations of FNMA rules" (like no date, incorrect loan number, note not referencing allonge, indorsement with power of attorney) "renders the allonge assignment void." Dkt. 52. Further, while she maintains that some of the signatures are by "known robo-signers in the recorded and unrecorded documents related to her property," and points out that filing false or forged instruments is a class C felony in Washington, she makes no showing that the note was recorded or that it was false or forged.

The Plaintiff asserts that the Note Allonge's loan number (which is redacted in most of the record, but is filed unredacted at Dkt. 52, at 48) contains the wrong loan number. Dkt. 52, at 8. She does not dispute that it contains the property's address, her name, and correct original loan amount. Moreover, she fails to point to any binding legal authority that the original loan number (or any loan number) must appear on an allonge. The Plaintiff has failed to point to

issues of fact as to whether Wilmington is the Note holder. Wilmington is entitled to enforce the Note and foreclose on the Deed of Trust if the Plaintiff's loan is in default.

### C. PLAINTIFF'S LOAN IS IN DEFAULT

Default is a material breach of a contract. *See Colorado Structures, Inc. v. Insurance Company of the West*, 161 Wash.2d 577, 591 (2009).

Plaintiff's loan is in default. In the Note, the Plaintiff agreed to make monthly payments for 30 years. Dkt. 49-1, at 3. The primary purpose of the Note and Deed of Trust was to ensure that the Plaintiff paid the loan back. In her original complaint, and in her response to this motion, the Plaintiff acknowledges that she has not made a payment on the property since before December of 2009. Dkts. 13-1, at 9 and 52. At the time of this order, she has missed over ten years of payments. Her loan is in default.

In her response, the Plaintiff maintains that she applied for a Home Affordable Program ("HAMP") modification with a prior servicer of her loan, Bank of America, on July 23, 2009. Dkt. 52. She maintains that Bank of America representatives told her that her interest rate would be "lowered to 2% and the principle would be reduced, thereby lowering the monthly payment to $620." Dkt. 52. She asserts that when the paperwork arrived, it "was defective" in that the payment amount was $968.75. *Id.* The Plaintiff further claims that she spoke with another representative of BOA, on December 21, 2009, who told her she was "paid up through May 2010, maybe even June of July" and told her not to pay "anything." *Id.* She asserts that this new representative reaffirmed the arrangement to lower the interest rate to 2% and reduce the principle, but the "package never arrived." *Id.*

The Plaintiff asserts that "since the oral contracts between BOA . . . and Plaintiff made on December 21, 2009 was valid per *Corvello[ v. Wells Fargo, 728 F.3d 878 (9th Cir. 2013)]* and

*Wigod[ v. Wells Fargo, 673 F.3d 547 (7th Cir. 2012)]*, Plaintiff submits that the loan is not due for the December 1, 2009 payment and that the interest rate and amounts due are inaccurate, if not fraudulent." Dkt. 52, at 5. She asserts that BOA could not unilaterally change the contractual terms of the Trial Period Plan, that BOA committed "HAMP fraud" and that "Pretium knowing purchased a loan that was clearly branded as 'non performing,' Pretium also purchased HAMP fraud." Dkt. 52, at 11. She asserts that the "assignment of a contractual obligation can convey no greater rights or obligations upon the parties than the holder of the contract (the contractual obligee) had to the contract obligor." Dkt. 52, at 5 (*citing* RCW 62A.2-210(2)).

These assertions do not raise a material fact regarding the issues at hand – whether the Plaintiff's loan is in default or whether Wilmington has the right to foreclose. They do not relate to whether foreclosure is proper. Further, as pointed out by Wilmington, to the extent the Plaintiff is attempting to assert some sort of defense based on breach of an oral contract claim, Washington's three-year statute of limitations on oral contracts, RCW 4.16.080(3), would bar her efforts. "[T]ime-barred claims masquerading as defenses . . . are likewise subject to the statute of limitations bar." *City of Saint Paul, Alaska v. Evans,* 344 F.3d 1029, 1035-36 (9th Cir. 2003). Further, Plaintiff "cites no authority for her apparent assertion that [Wilmington] is not entitled to foreclose where an undisputed default exists under the terms of the note, but the borrower alleges that the default was caused by the acts of a nonparty," here, Bank of America. *See Poletayeva v. Specialized Loan Servs., LLC*, 77353-4-I, 2018 WL 6041731, at *1 (Wash. Ct. App. Nov. 19, 2018), *review denied*, 192 Wn.2d 1029, 435 P.3d 281 (2019). Lastly, she points to no evidence to support her allegations of fraud. There are no issues of material fact - the Plaintiff's loan is in default.

### D. ACCELERATION OF THE NOTE

If an installment note, like the Note here, is accelerated, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *Terhune v. N. Cascade Tr. Servs.,* 9 Wash.App.2d 708, 718-719 (2019)(*internal citations omitted*). "Acceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Id.,* at 719. The holder of the note "must take affirmative action that informs the borrower that the entire debt is immediately due." *Id.* That a loan is in default alone will not accelerate the loan (even if an installment note provides for automatic acceleration upon default) nor will the initiation of nonjudicial foreclosure proceedings. *Id.*

In its counterclaim, Defendant Wilmington asserts that the Plaintiff is in default. Dkt. 9, at 14. It states that "[b]ecause of the default, Wilmington has exercised and does hereby exercise the option granted in the Note and Deed of Trust to declare the whole balance of both the principle and interest thereon due and payable." *Id*. Wilmington further asserts that "demand for all sums" has been made, the Plaintiff has not paid, and "[t]he Note and Deed of Trust are in Default, and the obligation has been accelerated, which includes any and all attorneys' fees and costs incurred to foreclose." *Id.*

Wilmington's acceleration notice is clear and unequivocal. The loan has been accelerated. The Plaintiff's assertions, that Wilmington is not the holder of the Note and so cannot accelerate the Note, are unpersuasive.

## III. ORDER

**IT IS ORDERED THAT:**

- Defendant and Counterclaimant Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, a trustee for Pretium Mortgage Acquisition Trust's Motion for Summary Judgment as to Judicial Foreclosure Counterclaim Only (Dkt. 49) **IS GRANTED**. Wilmington may proceed to judicial foreclosure.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of March, 2020.

ROBERT J. BRYAN
United States District Judge