1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AYNA AMANDA MEPPELINK,

                    Plaintiff,

     v.

WILMINGTON SAVINGS FUND
SOCIETY FSB, d/b/a CHRISTIANA
TRUST, a trustee for PRETIUM
MORTGAGE CREDIT MANAGEMENT;
SELENE FINANCE LP; and

                    Defendants.

CASE NO. C19-5655RJB

ORDER ON MOTION FOR ENTRY
OF JUDGMENT AND OTHER
MOTIONS

       THIS MATTER comes before the Court on Wilmington Savings Fund Society FSB,

d/b/a/ Christiana Trust's ("Wilmington") Motion for Entry of Final Judgment and Decree of

Foreclosure (Dkt. 61), Wilmington's Motion for Attorneys' Fees (Dkt. 62 and refiled in redacted

form at 65) Wilmington's Motion for Bill of Costs (Dkt. 63 and refiled in redacted form at 65),

the Plaintiff's Motion to Compel Discovery (Dkt. 75) and the Plaintiff's motion for

reconsideration (Dkt. 78) to the extent she makes such a motion.  The Court has reviewed the

pleadings filed regarding the motions and the remaining record.

       Originally filed in Kitsap County, Washington Superior Court, this case arises from a

mortgage and deed of trust on property commonly known as 11700 Carriage Place SE, Olalla,

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 1

1    Washington.  Dkt. 1-3.  Plaintiff is proceeding *pro se*.  Defendant and Counterclaimant

2    Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, a trustee for Pretium Mortgage

3    Acquisition Trust's ("Wilmington") Request for Judicial Notice (Dkt. 49-4) and Motion for

4    Summary Judgment as to Judicial Foreclosure Counterclaim Only (Dkt. 49) was granted on

5    March 10, 2020.  Dkt. 54.  The facts and procedural history are in that March 10, 2020 Order

6    (Dkt. 54, at 1-6) and are adopted here.  That Order held that this Court has jurisdiction over the

7    case, Wilmington is the holder of the note and entitled to enforce the note and foreclose on the

8    deed of trust under Washington law, the Plaintiff's loan is in default, Wilmington has accelerated

9    the note, and that Wilmington may proceed with the judicial foreclosure.  *Id.*

10        On April 2, 2020, default judgment, in favor of Wilmington, was entered against

11   Counter-Defendants Hidden Acres Homeowners Association and "Unknown Occupants of the

12   Premises" other than the Plaintiff, Ms. Meppelink.  Dkt. 56.

13        There are several motions now pending.  In its motion for Motion for Entry of Final

14   Judgment and Decree of Foreclosure (Dkt. 61), Wilmington acknowledges that this is a partial

15   judgment and is on their counterclaim only. Wilmington argues that there is no just reason to

16   delay entry of the final judgment on its counterclaim under Fed. R. Civ. P. 54(b).  Dkt. 61.  It

17   moves for entry of a final monetary judgment against Meppelink in the amount of $433,310.60,

18   (plus an additional $40.23 per day in unpaid interest from May 29, 2020), as the amount owing

19   under the note and deed of trust.  *Id*.  Wilmington moves the Court to "grant the final decree of

20   foreclosure against Meppelink and permit the sale of the subject property to satisfy the monetary

21   judgment."  *Id.*  It also moves the Court for an order for "localization of the final judgment for

22   enforcement in state court."  *Id.*

23

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 2

1    In her Response to the motion for entry of judgment (filed May 25, 2020), the Plaintiff

2    argues that it is not proper to grant Wilmington's motion because it did not submit findings of

3    fact and conclusions of law, Wilmington's request to have the judgment executed in state court

4    validates her opposition to the removal of the case to federal court, and she argues that the "cause

5    of action [in her Amended Complaint] that references federal law is state law." Dkt. 66. The

6    Plaintiff expresses concern that if the case is returned to state court "prior to the federal

7    discovery cut off dates . . . [she] will have been deprived of her day in court to contest the actions

8    of Wilmington." *Id.* She is concerned that entry of a judgment in Wilmington's favor would cut

9    off all further access to information she requested in discovery. *Id.* She maintains that

10   "Wilmington is asking this Court to enter a final judgment, including requests for attorney fees

11   and court costs, in advance of having to provide discovery disclosures regarding those

12   calculations to the Plaintiff." *Id.* She also opposes entry of judgment in favor of Wilmington

13   reasserting the same grounds she raised in opposing the motion for summary judgment. *Id.*

14   The Plaintiff's Amended Complaint is difficult to understand. To the extent she Plaintiff

15   has asserted claims for violations of Washington's Consumer Protection Act ("CPA"), violations

16   of Washington's Deeds of Trust Act, RCW 61.24, *et. seq.* ("DTA") and violations of the Real

17   Estate Settlement and Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA") or any other claim,

18   on June 3, 2020, the parties were given an opportunity to provide further briefing to the Court on

19   whether granting Wilmington's requested relief (entry of judgment on its counterclaim for

20   judicial foreclosure) would implicate the relief available on Plaintiff's remaining claims and

21   Wilmington's motion for entry of judgment was renoted. Dkt. 74. The parties' responses were

22   due by June 19, 2020. *Id.*

23

24

1    On June 8, 2020 at 7:14 a.m., the Plaintiff filed a Motion to Compel Discovery.  Dkt. 75.

2  In this motion, the Plaintiff states that she served Wilmington with discovery requests on May 4,

3  2020 and asserted that it has not responded to her requests.  *Id.*  She argues that counsel for

4  Wilmington agreed to provide the requests by Friday, June 5, 2020 and did not do so.  *Id.*  She

5  states that her email on Saturday, June 6, 2020 was not answered so she filed this motion to

6  compel on Monday, June 8, 2020 at 7:14 a.m., the last day discovery related motions were due.

7  *Id.*  The Plaintiff states that the meet and confer requirements were met on May 20, 2020 and

8  June 5, 2020.  *Id.*

9    On June 8, 2020 at 3:49 p.m., Wilmington responded to the Plaintiff's discovery requests

10  and sent her over 3,800 documents.  Dkt. 82, at 3-4.  After noting that under the Fed. R. Civ. P. 6

11  its responses weren't due until June 8, 2020, Wilmington requested that the Plaintiff withdraw

12  her motion to compel.  *Id.*  It advised her that it may seek attorneys' fees as a sanction for her

13  failure to do so.  *Id.*  Wilmington attempted to schedule a meet and confer, but the parties did not

14  meet and confer.  *Id.*

15    In the Plaintiff's June 19, 2020 response to the Court's June 3, 2020 request for more

16  briefing on whether entry of the judgment would implicate relief on Plaintiff's claims, she argues

17  that a partial judgment should not be entered because of the likelihood of piecemeal appeals.

18  Dkt. 78.  She again expresses concern that her discovery has not yet been answered.  *Id.*  She

19  does not know whether granting Wilmington's requested relief for entry of a judgment now

20  would implicate her claims because "Defendant has not provided a proper response to [her]

21  discovery."  *Id.*  She argues that the Court review the summary judgment order "for possible

22  reversal," and that the case should be remanded.  *Id.*  The Plaintiff's arguments regarding the

23  decision granting the motion for summary judgment in favor of Wilmington on its counterclaim

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 4

1  and on the Court's decision denying her motion to remand the case should be considered a

2  motion for reconsideration on those orders.

3      On June 22, 2020, Wilmington filed a response to the Plaintiff's motion to compel

4  discovery.  Dkt. 81.  It notes that under Fed. R. Civ. P. 6, its response to the discovery was not

5  due until June 8, 2020, the day it was sent.  *Id.*  It argues that the Plaintiff failed to meet and

6  confer after the deadline for the discovery in violation of the rules.  *Id.*  Wilmington notes that it

7  repeatedly requested that the Plaintiff withdraw her motion to compel discovery.  *Id.*  As a

8  sanction for her failure to do so, it moves for an award of $2,777.50 in attorneys' fees.  *Id.*

9      In her June 26, 2020 reply to her motion to compel, the Plaintiff acknowledges that

10  Wilmington has sent her over 3,800 pages of discovery.  Dkts. 84 and 85.  She now maintains

11  that the discovery is "useless" because, although it is Bates stamped, the file sent lacked an index

12  or cover sheet. *Id.*  She maintains that her motion is still proper because Wilmington agreed to

13  provide the discovery on Friday June 5, 2020 and not on June 8, 2020 even if that is the date set

14  under the rules.  *Id.*  Further, she argues that if her motion is denied, attorneys' fees should not be

15  awarded because they had an agreement the discovery would be sent on June 5, 2020.  *Id.*

16      In addition to the above motions, Wilmington also moves for an order awarding it

17  attorneys' fees in the amount of $18,746.00 and costs in the amount of $2,630.37 for the

18  prosecution of its counterclaim for judicial foreclosure.  Dkts. 62 and 63.  The Plaintiff opposes

19  these motions, arguing that Wilmington is not the Note holder, and so is not entitled to attorneys'

20  fees or costs.  Dkts. 67 and 68.  Wilmington has filed a reply and the motions are ripe for

21  decision.

22                          **ORGANIZATION OF OPINION**

23

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 5

1    This opinion should first address the Plaintiff's motion to compel discovery (Dkt. 75).  It

2    should then turn to whether under Fed. R. Civ. P. 54(b) there is "no just reason" to delay entry of

3    judgment against the Plaintiff on Wilmington's counterclaim for judicial foreclosure at this time,

4    and whether Wilmington's Motion for Entry of Final Judgment and Decree of Foreclosure (Dkt.

5    61) should be granted.  This opinion will then consider Wilmington's motion for attorneys' fees

6    and motion for costs to prosecute its judicial foreclosure counterclaim.  Lastly, this opinion will

7    address the Plaintiff's motion for reconsideration of the Court's decision granting summary

8    judgment in favor of Wilmington on its counterclaim and of the Court's decision denying the

9    Plaintiff's motion for remand.

10                                                **DISCUSSION**

11    **A.  PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND WILMINGTON'S
          MOTION FOR ATTORNEYS' FEES**

12              1.  <u>Motion to Compel</u>

13        Under Fed. R. Civ. P. 33 and 34, responses to interrogatories and requests for production

14    are due within 30 days of service of the requests.  Under Fed. R. Civ. P. 6(a), discovery

15    propounded on May 4, 2020, would be due on June 3, 2020.  The Plaintiff mailed her discovery

16    requests to Wilmington on May 4, 2020 (Dkt. 75).  Under Fed. R. Civ. P. 6(d), when pleadings

17    are mailed, "3 days are added after the period would otherwise expire under Rule 6(a).  So, the

18    deadline for the discovery would be adjusted to June 6, 2020, a Saturday.  Rule 6(a)(1)(C)

19    provides that if the period for which an action must be done falls on a Saturday or Sunday, the

20    deadline is extended to the next day which is not a Saturday or Sunday.

21        The Plaintiff's motion to compel discovery (Dkt. 75) should be denied.  Pursuant to Fed.

22    R. Civ. P. 6, 33 and 34, the deadline for Wilmington to respond to the Plaintiff's May 4, 2020

23    discovery requests was June 8, 2020.  Plaintiff acknowledges that Wilmington responded on

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 6

1   June 8, 2020 and sent her over 3,800 documents.  To the extent that the Plaintiff asserts that the

2   responses were "useless" because they contained several documents but no index, she fails to

3   make a sufficient showing on this issue.  Further, to the extent she continues to claim her motion

4   to compel is still viable because counsel agreed to provide the discovery one business day before

5   Wilmington was able to do so is without merit.  The parties may agree among themselves about

6   deadlines, but that does not change deadlines set by the rules or court order.

7                    2.   Wilmington's Motion for Attorneys' Fees for having to Respond

8            Under Fed. R. Civ. P. 37 (a)(5)(B), if a motion to compel is denied, the court must award

9   "reasonable expenses incurred in opposing the motion," unless the motion to compel was

10  "substantially justified or other circumstances make an award of expenses unjust."

11           Wilmington's motion for attorneys' fees for having to respond to this motion (Dkt. 81)

12  should be denied.  In light of the parties' agreement and confusion over when the discovery

13  would be sent, the "circumstances make an award of expenses unjust."

14           **B.  NO JUST REASON FOR DELAY OF ENTRY OF PARTIAL JUDGMENT**

15       Fed. R. Civ. P. 54 (b), "Judgment on Multiple Claims or Involving Multiple Parties,"

16  provides,

17           When an action presents more than one claim for relief--whether as a claim,
             counterclaim, crossclaim, or third-party claim--or when multiple parties are
18           involved, the court may direct entry of a final judgment as to one or more, but
             fewer than all, claims or parties only if the court expressly determines that there is
19           no just reason for delay. Otherwise, any order or other decision, however
             designated, that adjudicates fewer than all the claims or the rights and liabilities of
20           fewer than all the parties does not end the action as to any of the claims or parties
             and may be revised at any time before the entry of a judgment adjudicating all the
21           claims and all the parties' rights and liabilities.

22  "Rule 54 (b) allows a district court in appropriate circumstances to enter judgment on one or

23  more claims while others remain unadjudicated." *Pakootas v. Teck Cominco Metals, Ltd.*, 905

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 7

1  F.3d 565, 574 (9th Cir. 2018). "[T]he district court first must render an ultimate disposition of an

2  individual claim. The court then must find that there is no just reason for delaying judgment on

3  this claim." *Id.*

4  　　　The first requirement – ultimate disposition of an individual claim – is met.  Summary

5  judgment for Wilmington on its counterclaim for judicial foreclosure has been granted.  To the

6  extent the Plaintiff urges the Court to "revise" the decision granting Wilmington summary

7  judgment on its counterclaim, that should be construed as a motion for reconsideration.  As

8  explained below, the motion should be denied.

9  　　　The second requirement – no just reason for delaying judgment on the claim – is met.

10  While the Plaintiff has claims remaining, no showing has been made that her claims for relief for

11  her CPA, DTA, RESPA and/or any other claim includes a defense to the pending foreclosure.

12  While the Plaintiff has raised a concern about piecemeal appeals, she makes no showing that, in

13  itself, is a sufficient ground here.  The counterclaim for judicial foreclosure is distinct from her

14  claims.

15  　　　Further, the equities favor entry of the final judgment without further delay.  The Plaintiff

16  has been living in this house and not made payments on the Note for several years.

17  　　　Moreover, the Plaintiff's remaining arguments in her Response, do not provide grounds

18  to deny Wilmington's order.  Wilmington is not required to submit findings of fact and

19  conclusions of law.  Further, the Plaintiff's concerns regarding discovery are unfounded.  This

20  case will continue in this court on her claims.  It is only on Wilmington's counterclaim that

21  judgment will be entered.  Her opposition to entry of judgment in favor of Wilmington on the

22  grounds she raised in opposing the motion for summary judgment are without merit and are

23  addressed in the order granting the motion for summary judgment.  Finally, while the Plaintiff

24

1   complains that Wilmington asks for a final judgment amount, attorneys' fees and costs "in

2   advance of having to provide discovery disclosures regarding those calculations" to her, they are

3   in Wilmington's pleadings.  *Id.*  Further, she has now received that discovery.  She asserts that

4   the final judgment amount is incorrect, but does not explain why other than to again assert that

5   Wilmington is not the Note holder.  This assertion is without merit and has been addressed in the

6   Court's prior order granting Wilmington's motion for summary judgment.

7        Judgment in favor of Wilmington on its counterclaim for judicial foreclosure should be

8   entered without further delay.

9        **C.  ENTRY OF FINAL MONETARY JUDGMENT, DECREE OF**
         **FORECLOSURE, SALE OF PROPERTY and LOCALIZATION OF THE**
10       **FINAL JUDGMENT FOR ENFORCEMENT**

11       Wilmington's Motion for Entry of Final Judgment and Decree of Foreclosure (Dkt. 61)

12  should be granted and Wilmington's proposed order (Dkt. 73-1) should be entered.  In accord

13  with the order granting Wilmington's motion for summary judgment on its judicial foreclosure

14  claim, a final judgment monetary judgment, against Meppelink and in Wilmington's favor,

15  should be entered in the amount of $433,310.60, (plus an additional $40.23 per day in unpaid

16  interest from May 29, 2020), as the amount owing under the note and deed of trust.

17       A final decree of foreclosure should be entered against Meppelink foreclosing her interest

18  upon the sale of the property if she fails to pay the judgment amount awarded.  (RCW §

19  61.12.060 provides, in part, that "the payment of the mortgage debt, with interest and costs, at

20  any time before sale, shall satisfy the judgment.")

21       Additionally, the property should be sold to satisfy the debt.  RCW § 61.12.060 provides,

22  in part, that "[i]n rendering judgment of foreclosure, the court shall order the mortgaged

23

24

1   premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of

2   the action."

3          The Plaintiff does not meaningfully oppose localization of the final judgment for

4   enforcement other than to assert that Wilmington is not the Note holder.  This argument has been

5   addressed in the Order granting Wilmington's motion for summary judgment.  Wilmington's

6   motion for the localization of the final judgment for enforcement should also be granted.

7              **D.  MOTIONS FOR ATTORNEYS' FEES and COSTS**

8                  1.   <u>Attorneys' Fees</u>

9          Fed. R. Civ. P. 54(d)(2)(B) provides that a motion for attorneys' fees must:

10         (i) be filed no later than 14 days after the entry of judgment;
           (ii) specify the judgment and the statute, rule, or other grounds entitling the
11         movant to the award;
           (iii) state the amount sought or provide a fair estimate of it; and
12         (iv) disclose, if the court so orders, the terms of any agreement about fees for the
           services for which the claim is made.
13
           Wilmington moves for an award of $18,746.00 in attorneys' fees for 61.2 hours of time
14
    spent prosecuting its counterclaim for judicial foreclosure.  (Dkt. 62 and refiled in redacted form
15
    at 65).  Wilmington's motion should be granted.  The motion was filed before the entry of the
16
    judgment.  Fed. R. Civ. P. 54(d)(2)(B)(i). Wilmington is entitled to an award of attorneys' fees
17
    under the Note - the contract between the parties.  Fed. R. Civ. P. 54(d)(2)(B)(ii).  The Note,
18
    provides that "the Note Holder will have the right to be paid back by me for all of its costs and
19
    expenses in enforcing this Note to the extend not prohibited by applicable law.  Those expenses
20
    include, for example, reasonable attorneys' fees."  Dkt. 49-2, at 7.  The Deed of Trust contains
21
    similar provisions, providing that the "[l]ender shall be entitled to recover its reasonable
22
    attorneys' [sic] and costs in any action or proceeding to construe or enforce any term of this
23
    security instrument."  Dkt. 49-4, at 16.  While the Plaintiff's response opposes the motion by
24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 10

1    contending that Wilmington is not entitled to attorneys' fees because it is not the Note holder,

2    that argument is without merit.  The motion for attorneys' fees contains the amount sought

3    ($18,746.00), Fed. R. Civ. P. 54(d)(2)(B)(iii), and it is unnecessary for Wilmington to disclose

4    the "terms of any agreement about any fees" Fed. R. Civ. P. 54(d)(2)(B)(iv). The motion should

5    be granted.

6        In determining what attorney's fee is reasonable in a particular case, the court arrives at the

7    "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable

8    hourly rate.  *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting*

9    *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "While in most cases the lodestar figure is

10   presumptively reasonable, in rare cases, a district court may make upward or downward

11   adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr*

12   *v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in

13   the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)

14   (*internal and quotations citations omitted*).

15        Moreover, in reviewing a claim for attorney's fees, the Court should consider the

16   following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions

17   involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other

18   employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the

19   fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the

20   amount involved and the results obtained; (9) the experience, reputation, and ability of the

21   attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional

22   relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*,

23

24

1    526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are

2    consistent with Washington Rules of Professional Conduct 1.5.

3            The fee applicant bears the burden of documenting the appropriate hours expended in the

4    litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d

5    525, 534 (9th Cir. 1995) (citing *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994)). The

6    party opposing the fee application has a burden of rebuttal that requires submission of evidence

7    to the district court challenging the accuracy and reasonableness of the hours charged or the facts

8    asserted by the prevailing party in its submitted affidavits. *Id*., at 535.

9        *Lodestar.* In determining hourly rates, the Court must look to the "prevailing market rates in

10   the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003).  The

11   rates of comparable attorneys in the forum district are usually used.  *See Gates v. Deukmejian*,

12   987 F.2d 1392, 1405 (9th Cir. 1992).  In making its calculation, the Court should consider the

13   experience, skill, and reputation of the attorneys requesting fees.  *Schwarz v. Sec'y of Health &*

14   *Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995).  The Court is further allowed to rely on its own

15   knowledge and familiarity with the legal market in setting a reasonable hourly rate.  *Ingram v.*

16   *Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

17       The law firm of Wright, Finlay, and Zak, LLP represented Wilmington in this case; its

18   lawyers charge between $220-$275/hour as follows:

19       •   Ms. Coughlin, who has practiced for over 7 years, claimed a rate of $220/hour and

20           $275/hour (due to a promotion beginning January of 2020), for 65.9 hours for a total

21           of $17,108.00;

22       •   Josh Schaer, who claimed 0.5 hours at $250/hour, for a total of $125.00;

23

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 12

1

- Lukas Wozniak, who claimed 0.3 hours at $250/hour and $265/hour, for a total of
2
  $78.00;

3

- Synova Edwards, who claimed 4.2 hours at $250/hour for a total of $1,050.00;

4

- Gwen Ribar, a partner at the firm, claimed 1.0 hour at $275/hour for a total of $275;
5
  and

6

- T. Robert Finlay, a partner, claimed 0.4 hours for a total of $110.00.

7
Dkts. 62-1 and 72-1.  These rates, of between $220-$275/hour, are reasonable for the community
8
and should be used to calculate fees. This opinion will now turn to the number of hours billed by
9
the lawyers.

10
     In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by
11
considering whether, in light of the circumstances, the time could reasonably have been billed to
12
a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  A district
13
court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez*
14
*v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565
15
F.3d 1097, 1102 (9th Cir.2008)).

16
     Wilmington's request for $18,746.00 in attorneys' fees, for 72.3 hours of time at a rate of
17
$220-$275/hour, is reasonable and its motion should be granted.  There is no showing that the
18
hours claimed are "excessive redundant or otherwise unnecessary." *Id.*

19
     The *Kerr* factors will now be considered in determining whether the requested fees are
20
reasonable.

21
     *Kerr factor- the time and labor required*. Wilmington spent 72.3 hours prosecuting its
22
counterclaim against the Plaintiff.  Dkts. 62-1 and 72-1. In addition, Plaintiff defended against
23
this counterclaim vigorously, requiring a significant amount of work from Wilmington in

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 13

1   response. Wilmington has shown that, in prosecuting its counterclaim for judicial foreclosure, its

2   labor has included engaging in a 26(f) discovery conference, drafting the joint status report,

3   investigating the factual bases of its counterclaim, and researching and drafting motion for

4   summary judgment and subsequent reply briefing, and the preparation of the motions and replies

5   considered in this order. Dkt. 62-1 and 72-1. The labor required was relatively significant,

6   supporting the number of hours spent. This factor militates in favor of the amount request.

7        *Kerr factor - the novelty and difficulty of the questions involved*. Plaintiff is preceding *pro*

8   *se*; the issues she attempted to litigate in defense of the counterclaim were convoluted and

9   difficult to respond to, requiring more time and effort on counsel's part. This factor militates in

10  favor of the amount requested.

11       *Kerr factor - the skill requisite to perform the legal service properly*. The counterclaim

12  required time, skill, and effort to address. This factor militates in favor of the amount requested.

13       *Kerr factor - the preclusion of other employment by the attorney due to acceptance of the*

14  *case*. Although the record is devoid of information as to whether otherwise available business

15  was foreclosed because of conflicts of interest occurring from prosecuting this counterclaim,

16  once Wilmington's counsels undertook the representation, they were not free to use the time

17  spent on Wilmington's behalf for other purposes.

18       *Kerr factor - the customary fee*. Wilmington's counsel, particularly the attorney that did

19  the vast majority of the work, Ms. Coughlin is experienced, charging a rate of between $220-

20  275/hour. Her fee and the fee by the other lawyers in the firm is consistent with similar work in

21  the community. This factor militates in favor of the amount requested.

22       *Kerr factor - whether the fee is fixed or contingent*. The fee is fixed. Counsel billed her

23  work to Wilmington at an hourly rate. As stated, the number of hours counsel spent prosecuting

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 14

1   the counterclaim for judicial foreclosure is reasonable; it could have reasonably expected

2   $18,746.00 in attorneys' fees.  Accordingly, this factor militates in favor of the amount

3   requested.

4           *Kerr factor - time limitations imposed by the client or the circumstances*. No evidence

5   exists of any time limitations imposed on Wilmington's counsel.

6           *Kerr factor - the amount involved and the results obtained*. The amount of labor was

7   relatively significant, and the amount of hours spent was reasonable. Wilmington successfully

8   prosecuted its counterclaim, obtaining excellent results. This factor supports the amount

9   requested.

10          *Kerr factor - the experience, reputation, and ability of the attorneys*. Ms. Coughlin's and

11  the other lawyers in the law firm's experience, reputation, and abilities are consistent with the

12  amount of attorneys' fees requested in this case. Accordingly, this factor militates in favor of the

13  requested amount.

14          *Kerr factor - the 'undesirability' of the case*. This case was neither desirable nor

15  undesirable.

16          *Kerr factor - the nature and length of the professional relationship with the client*.

17  Although the record is devoid of information about the nature and length of counsel's

18  professional relationship with Wilmington, the Court need not consider this factor to decide

19  Wilmington's motion for attorneys' fees.

20          *Kerr factor - awards in similar cases*. This Court has previously awarded CitiMortgage,

21  Inc.  $15,925.00 in attorneys' fees for 45.5 billable hours at $350.00 per hour for defending

22  against claims brought against CitiMortgage, Inc. in 2011. *Moseley v. CitiMortgage Inc.*, C11-

23

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 15

1  5349RJB Dkt. 37. In light of that award, the request for $18,746.00 in attorneys' fees for 72.3

2  billable hours at a rate of between $220-275/hour is reasonable.

3       Based on the foregoing, Wilmington's request for attorneys' fees is reasonable. The

4  Plaintiff has failed to discharge her burden of rebuttal requiring submission of evidence

5  challenging the accuracy and reasonableness of the hours charged or the facts Wilmington has

6  asserted in support of its motion for attorneys' fees.

7       Accordingly, the Court should award Wilmington $18,746.00 in attorneys' fees for 72.3

8  billable hours.

9          2.   Motion for Award of Costs

10       Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court

11  order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing

12  party."

13       Wilmington's Motion for Bill of Costs (Dkt. 63 and refiled in redacted form at 65) should

14  be granted.  Wilmington claims costs in the amount of $2,630.37 as follows: $1,177.20 Title

15  company charge; $1,222.17 service of process (in person attempts and by publication); and

16  $231.00 recording and re-recording fees for *lis pendens*.  Dkt. 62-1.  These costs are reasonable

17  and contemplated in the Note and Deed of Trust.  Dkts. 49-2 and 49-4.  The Plaintiff does not

18  dispute the amount of costs requested.  She asserts only that Wilmington is not the Note holder

19  and is not entitled to costs.  This argument is without merit as stated in the order granting

20  Wilmington's motion for summary judgment.  It is not grounds to deny the motion for costs.

21  **E.  PLAINTIFF'S MOTION FOR RECONSIDERATION**

22       Western District of Washington Local Rule (7)(h)(1) provides, "[m]otions for

23  reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a

24

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 16

1  showing of manifest error in the prior ruling or a showing of new facts or legal authority which

2  could not have been brought to its attention earlier with reasonable diligence."  Local Rule

3  7(h)(2) requires that a motion for reconsideration "shall be filed within fourteen days after the

4  order to which it relates is filed."

5  　　　　To the extent that the Plaintiff moves for reconsideration of the Court's March 10, 2020

6  Order granting Wilmington's motion for summary judgment on its counterclaim for judicial

7  foreclosure (Dkt. 54) or the Court's September 23, 2019 order denying the Plaintiff's motion for

8  remand (Dkt. 25), the motion (Dkt. 78) should be denied.  The Plaintiff has failed to "show a

9  manifest error in the prior rulings" or "new facts or legal authority which could not have been

10  brought to [the Court's] attention earlier with reasonable diligence."  Further, the motion for

11  reconsideration of these orders is untimely.  Both orders were entered months ago and well after

12  the fourteen-day deadline set by Local Rule 7(h)(2).  The motion should be denied and the prior

13  orders affirmed (Dkts. 54 and 25).

14  　　　　　　　　　　　　　　　　　　**ORDER**

15  　　**IT IS ORDERED THAT:**

16  　　　　　• Plaintiff's Motion to Compel Discovery (Dkt. 75) **IS DENIED**;

17  　　　　　• Wilmington's motion for attorneys' fees for having to respond to the motion to

18  　　　　　　compel (Dkt. 81) **IS DENIED**;

19  　　　　　• Wilmington's Motion for Entry of Final Judgment and Decree of Foreclosure

20  　　　　　　(Dkt. 61) **IS GRANTED**;

21  　　　　　• Wilmington's Motion for Attorneys' Fees in the amount of $18,746.00 (Dkt. 62

22  　　　　　　and refiled in redacted form at 65) **IS GRANTED;**

23

24

- Wilmington's Motion for Bill of Costs in the amount of $2,630.37 (Dkt. 63 and refiled in redacted form at 65) **IS GRANTED;**

- To the extent that the Plaintiff makes one, her motion for reconsideration (Dkt. 78) **IS DENIED;** and

- The Court's March 10, 2020 Order granting Wilmington's motion for summary judgment on its counterclaim for judicial foreclosure (Dkt. 54) and the Court's September 23, 2019 order denying the Plaintiff's motion for remand (Dkt. 25) **ARE AFFIRMED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1ˢᵗ day of July, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR ENTRY OF JUDGMENT AND OTHER MOTIONS - 18